DAVID A. HUBBERT
Deputy Assistant Attorney General

ISAAC M. HOENIG
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Phone: (202)-307-5963
Fax: (202) 307-0054
Isaac.M.Hoenig@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>ROBERT P. HUCKABY, INDIVIDUALLY AND AS TRUSTEE OF THE CIRCLE H BAR T TRUST;<br>JOYCE ANN TRITSCH, INDIVIDUALLY AND AS TRUSTEE OF THE CIRCLE H BAR T TRUST;<br>U.S. BANK, TRUSTEE OF THE NRZ PASS-THROUGH TRUST V-B;<br>EL DORADO COUNTY, CALIFORNIA,<br><br>          Defendants. | Case No.<br><br><br>COMPLAINT TO ENFORCE JUDGMENT LIEN ON REAL PROPERTY |

Plaintiff, the United States of America, brings this civil action pursuant to the Federal Debt Collection Practices Act, 28 U.S.C. § 3001 *et seq*. ("FDCPA"), to determine that Defendants Robert P. Huckaby and Joyce Ann Tritsch are the true owners of real property located at 2448 Alice Lake Road, South Lake Tahoe, California, 96150 (the "subject property") and to enforce its judgment lien against the subject property. Additionally, the United States intends to use all appropriate post-judgment remedies, and additional surcharges as authorized by

1

Complaint

the FDCPA, to collect the judgment it has obtained against Defendant Robert Huckaby. In support of this action, the United States alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355 and 3201(f).

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1392(b) because a substantial part of the acts or omissions giving rise to this claim occurred in this district and the real property at issue is located in this district.

## DEFENDANTS

3.    Robert P. Huckaby, individually, is named as a defendant in this action because he is liable for a judgment entered against him and in favor of the United States on March 30, 2018. *United States v. Huckaby et al*, 2:13-cv-02158 (Dkt. 45). In addition, he holds an interest in the subject property.

4.    Robert P. Huckaby, as Trustee of the Circle H Bar T Trust, is named as a defendant because the Circle H Bar T Trust may hold an interest in the subject property.

5.    Joyce Ann Tritsch, individually, is named as a defendant because she may hold an interest in the subject property.

6.    Joyce Ann Tritsch, as Trustee of the Circle H Bar T Trust, is named as a defendant because the Circle H Bar T Trust may hold an interest in the subject property.

7.    U.S. Bank, N.A., as Trustee of the NRZ Pass-Through Trust V-B, is named as a defendant because it may hold an interest in the Subject Property.

8.    The County of El Dorado, California is named as a defendant because it may hold an interest in the Subject Property.

2

Complaint

## THE SUBJECT PROPERTY

9.    This action seeks to foreclose the United States' judgment lien upon the subject property located in El Dorado County, California, at 2448 Alice Lake Road, South Lake Tahoe, California, 96150.

10.    The Assessor's Parcel Number of the Subject Property is 025-691-006-000.

11.    The Subject Property is more particularly described as:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF EL DORADO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Lot 12 of Montgomery Estates at Lake Christopher, Unit No. 3, filed in the Office of the County Recorder of El Dorado County on April 20, 1965, in Book D of Maps, at page 34.

12.    On August 29, 2005, Mr. Huckaby and Ms. Tritsch acquired the Subject Property via grant deed as joint tenants.

13.    On October 17, 2011, Mr. Huckaby and Ms. Tritsch transferred the Subject Property to Robert P. Huckaby and Joyce Ann Tritsch as Trustees of the Circle H Bar T Trust via grant deed for no consideration.

## GENERAL ALLEGATIONS

**United States' Suit to Collect Unpaid Federal Employment Tax Liabilities**

14.    On December 7, 2009, and April 26, 2010, the IRS assessed unpaid employment taxes (Form 941) for the tax periods ending September 30, 2009, and December 31, 2009, against Action Construction Co., d/b/a Hunt's Excavating ("Action").

15.    In or around February 2011, Gregory Hunt, the owner of Action, received a check issued to Action in the amount of $83,000 as a settlement payment for the outstanding liabilities owed to it from a construction project on which Action had worked.

3

Complaint

16. Mr. Hunt discussed the check with Mr. Huckaby, and Mr. Huckaby suggested that Mr. Hunt deposit the check into Mr. Huckaby's client trust account, which would give them an opportunity to figure out how to use the check to settle Mr. Hunt's personal liabilities and avoid the funds being levied by the IRS.

17. On March 8, 2011, Mr. Huckaby deposited the $83,000 settlement check into his client trust account.

18. On August 29, 2011, Mr. Huckaby transferred the $83,000 from his client trust account to an interest-bearing account that he controlled as the Trustee of the Texas Tea Trust. At the time of the transfer, the Texas Tea Trust account contained no other funds.

19. On September 7, 2011, the IRS issued two notices of levy to Mr. Huckaby, one in his individual capacity, and the other in his capacity as attorney in fact for Action. Both levies made claims totaling $88,890.05 in unpaid taxes owed by Action.

20. On September 22, 2011, Mr. Huckaby received a "Final Demand for Payment" from the IRS relating to the September 7, 2011, notices of levy served on Mr. Huckaby.

21. Mr. Huckaby responded to each September 7, 2011, notice of levy with a statement that there were "no funds" even though Action's funds were in an account he held as trustee for the Texas Tea Trust.

22. On October 17, 2011, Mr. Huckaby and Ms. Tritsch transferred the Subject Property to Robert P. Huckaby and Joyce Ann Tritsch as Trustees of the Circle H Bar T Trust via grant deed for no consideration.

23. On October 17, 2013, the United States initiated suit against Mr. Huckaby and others in this Court to collect the unpaid employment tax liabilities of Action. *United States v. Huckaby et al*, 2:13-cv-02158 (Dkt. 1). The United States sought to hold Mr. Huckaby liable

4

Complaint

pursuant to 26 U.S.C. § 6332(d)(1) for his failure or refusal to surrender property or rights to property that was subject to the levy for which the IRS sent to him on September 7, 2011. *Id.*

24.    On March 30, 2018, this Court entered judgment against Mr. Huckaby and Mr. Hunt. 2:13-cv-02158 (Dkt. 45). The Court entered judgment in favor of the United States and (1) against Mr. Huckaby in the amount of $35,719.36 plus statutory interest and other additions running from June 15, 2015, for his failure to honor IRS levies pursuant to 26 U.S.C. § 6332(d)(1)[1]; (2) against Mr. Huckaby in the additional amount of $17,859.68 plus statutory interest and other additions running from June 15, 2015, for his failure to honor IRS levies without reasonable cause pursuant to 26 U.S.C. § 6332(d)(2); (3) against Mr. Huckaby in the amount of $ 35,719.36 plus statutory interest and other additions running from June 15, 2015, for fraudulently transferring assets belonging to Action pursuant to California Civil Code § 3439.04; and (4) against Mr. Huckaby and Mr. Hunt for tortious conversion of assets belonging to Action in the amount of $35,719.36 plus statutory interest and other additions running from June 15, 2015.

### United States' Post-Judgment Discovery Issued to Mr. Huckaby

25.    On August 23, 2022, the United States issued post-judgment requests for admission to Mr. Huckaby pursuant to Fed. R. Civ. P. 36 and 69. A copy of the United States' requests for admission and certificate of service is attached as Exhibit 1.

26.    Mr. Huckaby failed to respond to the United States' requests for admission or otherwise contact the United States. Accordingly, pursuant to Fed. R. Civ. P. 36(a)(3), the United States' requests for admission were deemed admitted on September 23, 2022, when Mr. Huckaby failed to respond within the required period.

---

[1] This amount was less than the amount of the levy issued to Mr. Huckaby because Action Construction's employment tax liabilities had been partially paid. *See* 26 U.S.C. § 6332(d)(1).

5

Complaint

27.   By failing to respond to the United States' requests for admission, Mr. Huckaby has admitted that:

    a.   He and Joyce Ann Tritsch are the true and beneficial owners of the subject property.

    b.   He is a settlor of the Circle H Bar T Trust.

    c.   He possesses the power and authority to revoke the Circle H Bar T Trust.

    d.   He transferred the subject property to the Circle H Bar T Trust with the intent to hinder, delay, or defraud creditors including the United States.

**Mr. Huckaby's and Ms. Tritsch's Use of the Subject Property**

28.   Despite the subject property nominally being held by Robert Huckaby as Trustee for the Circle H Bar T Trust, the property's utilities are paid by Ms. Tritsch individually and the utility accounts are held in her name. Specifically:

29.   Gas for the subject property is provided by Southwest Gas, and the Southwest Gas account for the subject property is held in the name of Joyce A. Tritsch.

30.   Electricity for the subject property is provided by California Pacific and Electric Company, and the California Pacific and Electric Company account is held in the name of Joyce A. Tritsch.

31.   Trash services for the subject property are provided by South Tahoe Refuse and Recycling Services, and the South Tahoe Refuse and Recycling Services account for the subject property is held in the name of Joyce A. Tritsch.

32.   In 2005, Mr. Huckaby and Ms. Tritsch took out a mortgage on the subject property listing Robert P. Huckaby, an unmarried man, and Joyce Ann Tritsch, an unmarried woman, as joint tenants, as the borrowers on the deed of trust.

6

Complaint

33. As of March 23, 2022, the deed of trust securing the mortgage on the subject property had not been amended to list the Circle H Bar T Trust as the owner of the subject property.

34. For the 2020 tax year, Mr. Cooper, the mortgage servicer, reported to the IRS that the borrower/payer on the mortgage remained Robert Huckaby and Joyce A. Tritsch.

## COUNT 1

**Determine that the United States may enforce its judgment against the subject property because Mr. Huckaby is the settlor of and retains the power to revoke the Circle H Bar T Trust.**

35. The United States incorporates the preceding paragraphs by reference as if fully set forth here.

36. If the settlor of a trust retains the power to revoke the trust in whole or in part, the trust property is subject to the claims of creditors of the settlor to the extent of the power of revocation during the lifetime of the settlor. Cal. Prob. Code § 18200.

37. Mr. Huckaby is a settlor of the Circle H Bar T Trust.

38. Mr. Huckaby retains authority to revoke the Circle H Bar T Trust.

39. Based on the foregoing, and because Mr. Huckaby is a settlor of and retains the power to revoke the Circle H Bar T Trust, the United States is entitled to enforce its judgment described in paragraph 24 against the subject property.

## COUNT 2

**Determine that Mr. Huckaby and Ms. Tritsch, as Trustees of the Circle H Bar T Trust, and the Circle H Bar T Trust hold title to the subject property as alter-egos and/or nominees of Robert Huckaby and Joyce Tritsch in their individual capacities.**

40. The United States incorporates the preceding paragraphs by reference as if fully set forth here.

41. After purporting to transfer the subject property to the Circle H Bar T Trust, Mr. Huckaby and Ms. Tritsch continued to reside at the subject property.

7

Complaint

42. After purporting to transfer the subject property to the Circle H Bar T Trust, Ms. Tritsch, individually, paid the utilities for the subject property including gas, electricity, and trash services.

43. After purporting to transfer the subject property to the Circle H Bar T Trust, Mr. Huckaby and Ms. Tritsch continued, in their individual capacities, to pay the mortgage on the subject property.

44. Mr. Huckaby and Ms. Tritsch received no consideration for purporting to transfer the subject property to the Circle H Bar T Trust.

45. Mr. Huckaby and Ms. Tritsch purported to transfer the subject property to the Circle H Bar T Trust less than a month after Mr. Huckaby received a "Final Demand for Payment" from the IRS relating to the September 7, 2011, notices of levy served on Mr. Huckaby relating to Action's unpaid employment tax liabilities.

46. To the extent that Robert Huckaby and Joyce Tritsch, as Trustees of the Circle H Bar T Trust, hold title to the subject property, they and the Circle H Bar T Trust do so as the alter-egos and/or nominees of Robert Huckaby and Joyce Tritsch in their individual capacities. Accordingly, Robert Huckaby and Joyce Tritsch, individually, are the true and beneficial owners of the Subject Property.

## COUNT 3

**Set aside voidable transaction under the California Uniform Voidable Transactions Act, Cal. Civ. Code § 3439 *et seq*.**

47. The United States incorporates the preceding paragraphs by reference as if fully set forth here.

48. At the time Mr. Huckaby and Ms. Tritsch transferred the subject property to the Circle H Bar T Trust, Mr. Huckaby's liability for failure to honor the IRS levy issued to him for Action's unpaid tax liabilities had accrued.

8

Complaint

49.     Mr. Huckaby and Ms. Tritsch were insolvent at the time they transferred the subject property to the Circle H Bar T Trust or were rendered insolvent as a result of the transfer.

50.     Mr. Huckaby and Ms. Tritsch did not receive reasonably equivalent value in exchange for transferring the Subject Property to the Circle H Bar T Trust.

51.     The transfer of the subject property to the Circle H Bar T Trust was to an insider because Mr. Huckaby and Ms. Tritsch were trustees of the Circle H Bar T Trust.

52.     Mr. Huckaby and Ms. Tritsch retained possession and control of the subject property after they transferred it to the Circle H Bar T Trust.

53.     As such, the transfer of the subject property to the Circle H Bar T Trust is void as to the United States and should be set aside pursuant to Cal. Civ. Code § 3439.05(a)(2) because Mr. Huckaby and Ms. Tritsch purported to transfer their interest in the subject property without receiving reasonably equivalent value and were insolvent at the time of the transfer or were made insolvent as a result of the transfer.

54.     In the alternative, the transfer of the subject property to the Circle H Bar T Trust is void as to the United States and should be set aside pursuant to Cal. Civ. Code § 3439.04(a)(1) because Mr. Huckaby and Ms. Tritsch purported to transfer their interest in the subject property to the Circle H Bar T Trust with actual intent to hinder, delay, or defraud the United States.

55.     Mr. Huckaby's and Ms. Tritsch's purported transfer of the subject property is void as to the United States, and, therefore, Mr. Huckaby and Ms. Tritsch are the true owners of the subject property.

## COUNT 4

### Enforce judgment lien.

56.     The United States incorporates the preceding paragraphs by reference as if fully set forth here.

9

Complaint

57.    As described in paragraph 24, on March 30, 2018, this Court entered judgment against Mr. Huckaby and Mr. Hunt. 2:13-cv-02158 (Dkt. 45). Specifically, the Court entered judgment in favor of the United States and against Mr. Huckaby in the amount of $35,719.36 plus statutory interest and other additions running from June 15, 2015, for his failure to honor IRS levies pursuant to 26 U.S.C. § 6332(d)(1), and against Mr. Huckaby in the additional amount of $17,859.68 plus statutory interest and other additions running from June 15, 2015, for his failure to honor IRS levies without reasonable cause pursuant to 26 U.S.C. § 6332(d)(2).

58.    Mr. Huckaby has failed to satisfy the judgment against him.

59.    On September 4, 2018, the United States recorded an abstract of the judgment referred to in paragraph 57 with the El Dorado County Recorder in El Dorado County, California, at document number 2018-0042492-00.

60.    Upon filing the abstract of judgment, a judgment lien arose in favor of the United States against all real property of the judgment debtor, Robert Huckaby, in El Dorado County, California, including the subject property.

61.    Pursuant to 28 U.S.C. § 3201(f), the United States is entitled to enforce its judgment lien upon the subject property, to have that property sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties to this action, and to have the proceeds distributed, after payment of the costs of sale, to the United States and to the defendants in accordance with the amount and priority of their claims as they establish in this action.

WHEREFORE, the United States requests that the Court,

A.    As to Count 1, determine that the United States is entitled to enforce its judgment against Mr. Huckaby entered in Case No. 2:13-cv-02158 (E.D. Cal., March 30, 2018) (Dkt. 45) against the subject property.

10

Complaint

B.    As to Count 2, determine (1) that to the extent Robert Huckaby and Joyce Tritsch, as Trustees of the Circle H Bar T Trust, and the Circle H Bar T Trust hold title to the subject property, they do so as the alter-egos and/or nominees of Robert Huckaby and Joyce Tritsch, individually, and (2) that Robert Huckaby and Joyce Tritsch are the true and beneficial owners of the subject property.

C.    As to Count 3, determine that Robert Huckaby's and Joyce Tritsch's transfer of the subject property to the Circle H Bar T Trust is void as to the United States pursuant to Cal. Civ. Code § 3439.05(a).

D.    As to Count 4, enter an order authorizing the United States to enforce its judgment lien against the subject property, and ordering the property to be sold in a judicial sale, according to law, free and clear of all rights, titles, claims, liens, and interests of the parties, with the net proceeds of the sale, after the satisfaction of the costs of sale, to be distributed to the United States and other parties in accordance with their lawful priorities.

E.    Award the United States the ten percent surcharge permitted under the Federal Debt Collection Procedures Act. 28 U.S.C. § 3011.

//

//

//

//

//

//

//

//

//

11

Complaint

F.      Order that the United States be awarded its costs and such other relief as the Court determines is just and property.

                                        Respectfully submitted,

                                        Dated: March 29, 2023,

                                        DAVID A. HUBBERT
                                        Deputy Assistant Attorney General

                                        /s/ Isaac M. Hoenig
                                        ISAAC M. HOENIG
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 683, Ben Franklin Station
                                        Washington, D.C. 20044
                                        Phone: (202) 307-5963
                                        Fax: (202) 307-0054
                                        Isaac.M.Hoenig@usdoj.gov
                                        Attorneys for the United States of America

12

Complaint