UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:23-cv-00587-DAD-JDP |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART |
| ROBERT P. HUCKABY, et al., | (Doc. No. 43) |
| Defendants. | |

This matter is before the court on plaintiff's motion for summary judgment.  (Doc. No. 43.)  The pending motion was taken under submission on July 7, 2025 pursuant to Local Rule 230(g).  (Doc. No. 44.)  For the reasons explained below, the court will grant in part plaintiff's motion for summary judgment.

**BACKGROUND**

This case is an action seeking to enforce a judgment against defendant Robert Huckaby entered on March 30, 2018 for failure to honor IRS levies.

/////

/////

/////

/////

/////

1

## A.   Factual Background[1]

On August 29, 2005, defendants Robert Huckaby and Joyce Tritsch acquired a property located at 2448 Alice Lake Road, South Lake Tahoe, California 96150 ("the Property").  (SUF at ¶¶ 1, 2.)  Defendants acquired this property as joint tenants.  (*Id.* at ¶ 2.)  On October 17, 2011, defendants executed a trust instrument creating the Circle H Bar T Trust ("the Trust").  (*Id.* at ¶ 3.)  Defendants are the Trust's settlors, trustees, and its sole beneficiaries during their lifetimes.  (*Id.* at ¶¶ 4, 5.)  On October 17, 2011, defendants transferred the Property into the Trust.  (*Id.* at ¶ 8.)  On March 30, 2018, a judgment was entered in favor of plaintiff United States and against defendant Robert Huckaby for failure to honor IRS levies.  (*Id.* at ¶ 9.)  Defendant Huckaby has not satisfied this judgment and, as of June 15, 2025, owed a total balance of $87,959.84 to the United States.  (*Id.* at ¶ 12.)

## B.   Procedural Background

On March 29, 2023, plaintiff filed the complaint initiating this civil action.  (Doc. No. 1.)  In that complaint, plaintiff seeks the following declaratory relief:  (1) that the court determine that plaintiff may enforce its judgment against the Property; (2) that the court determines that defendants as trustees of the Trust hold title to the Property as alter-egos or nominees of defendants in their individual capacities; and (3) that the transfer of the Property to the Trust is void.  (*Id.* at ¶¶ 35–55.)  Plaintiff additionally seeks that the court enter an order enforcing a judgment lien against the Property.  (*Id.* at ¶¶ 56–61.)

On June 23, 2025, plaintiff filed a motion for summary judgment seeking a court order declaring the following:  (1) Defendants are the true owners of the Property as joint tenants; (2) plaintiff's judgment lien from the March 30, 2018 judgment encumbers defendant Huckaby's one-half ownership interest in the Property; and (3) plaintiff may submit a proposed order of foreclosure of the Property.  (Doc. No. 43 at 8.)  On July 7, 2025, defendants filed their

/////

---

[1]  This factual background is undisputed, except where otherwise noted, and is derived from the undisputed facts as stated by plaintiff, which defendants did not respond to in their opposition (Doc. No. 43 at 2–4 ("SUF")), and the exhibits attached to the pending motion.

opposition to that motion and on July 17, 2025, plaintiff filed its reply thereto. (Doc. Nos. 45, 46.)

## LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). If the moving party will bear the burden of proof on an issue at trial, "the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B). Indeed, after adequate time for discovery and upon motion, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd sub nom*, *Richards v. Neilsen Freight Lines*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to

/////

4

find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87 (citations omitted).

**DISCUSSION**

The court first determines what law governs the matter of whether a creditor can reach property that is held in trust. Plaintiff argues that California law on trusts governs defendants' Trust in this regard because the land at issue in this action is located in California. (Doc. No. 43 at 5.) Defendants argue that the Trust is governed by Nevada law because it was designated as a Nevada Spendthrift Trust by its terms. (Doc. No. 45 at 3.)

Where, as here, a federal court's jurisdiction is based on federal question jurisdiction, "federal common law choice-of-law rules apply." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). Accordingly, the court "follows the approach outlined in the Restatement (Second) of Conflict of Laws." *Id.*; *see also In re Sterba*, 852 F.3d 1175, 1179 (9th Cir. 2017) ("Federal choice-of-law rules in the Ninth Circuit follow the Restatement (Second) of Conflict of Laws as a 'source of general choice-of-law principles,' and 'an appropriate starting point for applying federal common law in this area.'") (internal citation omitted).

To the extent that defendants argue that the Trust should be constructed in accordance with Nevada law, they are correct. The Restatement (Second) of Conflict of Laws § 277 provides that a "will or other instrument creating a trust of an interest in land is construed in accordance with the rules of construction of the state designated for this purpose in the instrument." Restatement (Second) of Conflict of Laws § 277 (1971). However, the issue before the court is not a matter of interpreting the Trust but instead whether the land which is held in that trust can be reached by a plaintiff creditor. As to that question, the court finds § 280 to be persuasive in stating that "[w]hether the interest of a beneficiary of a trust of an interest in land is assignable by him *and can be reached by his creditors*, is determined by the law that would be applied by the courts of the situs." Restatement (Second) of Conflict of Laws § 280 (1971) (emphasis added); *see also In re Anselmi*, 52 B.R. 479, 490 (Bankr. D. Wyo. 1985) ("Where the *res* of the trust is real property, the law applied in determining whether the beneficial interest of a beneficiary is exempt from process is the law of the situs of the land."). Accordingly, because the Property is

located in California, the court will apply California law in determining whether it is subject to enforcement of a judgment lien by plaintiff.

"[U]nder California law, a settlor of a spendthrift trust cannot also act as a beneficiary of that trust (i.e., California law prohibits 'self-settled' trusts). California law voids self-settled trusts to prevent individuals from placing their property beyond the reach of their creditors while at the same time still reaping the bounties of such property." *In re Moses*, 167 F.3d 470, 473 (9th Cir. 1999) (internal citation omitted) (citing Cal. Prob. Code § 15304). Here, the Trust is a self-settled trust because it was formed by defendants Robert Paul Huckaby and Joyce Ann Tritsch as trustors, settlors, trustees, and beneficiaries of the Trust. (Doc. No. 43-2 at 2–3.) Defendants argue that California Probate Code § 15304 does not apply because the Property was transferred into the Trust prior to plaintiff acquiring a judgment lien against defendant Huckaby. (Doc. No. 45 at 3.) Defendants cite no authority in support of this proposition and the court cannot identify any provision within § 15304 that would limit its effects to land held in trust following incurrence of a lien. Rather, because the trust "is a self-settled trust, its spend-thrift provisions are void against defendants' creditors, including the [United States]." *United States v. Campbell*, No. 2:11-cv-02826-MCE-EFB, 2013 WL 3490740, at *8 (E.D. Cal. July 10, 2013), *report and recommendation adopted*, 2013 WL 4433385 (E.D. Cal. Aug. 16, 2013).[2] Accordingly, applying California law regarding the effectiveness of a spendthrift trust in shielding real property from creditors, the court concludes that the judgment liens here are enforceable against the Property to the extent that defendant Huckaby has an interest in that property.[3]

---

[2] Plaintiff also contends that, even if the court were to credit defendants' argument in this regard, the property at issue was placed in the trust on October 17, 2011, approximately one month after plaintiff served defendant Huckaby with the IRS levy that would ultimately result in the judgment against him. (Doc. No. 46 at 4.) The court need not address this argument because it rejects defendants' argument on the separate grounds stated above.

[3] Plaintiff argues that the transfer of the property to a self-settled trust is inherently invalid. (Doc. No. 43 at 7.) The court also need not consider this assertion because it concludes that the trust does not protect the property from enforcement of a judgment lien. *See Campbell*, 2013 WL 3490740 (declining to consider a similar argument for the same reason); *see also* Cal. Prob. Code § 15304(a) ("The invalidity of the restraint on transfer [against creditors] does not affect the validity of the trust."). The court therefore will not grant declaratory relief finding that defendants are the joint tenants of the property.

6

Finally, the court addresses whether defendant Huckaby has a property interest in the Property. Plaintiff argues that defendant Huckaby does because he is the beneficiary and the trustee of the trust which holds that property. (Doc. No. 43 at 5–6.) Defendants argue that he does not have a property interest in the Property because a trustee does not hold property except as authorized by the trust instrument. (Doc. No. 45 at 1–2.) "In the context of trusts, moreover, equitable interest is traditionally sufficient to confer ownership rights. Thus, under California law, trust beneficiaries hold an equitable interest in trust property and are regarded as the real owners of that property." *In re Schwarzkopf*, 626 F.3d 1032, 1039 (9th Cir. 2010) (cleaned up) (quoting *Steinhart v. County of Los Angeles*, 47 Cal. 4th 1298 (2010)). Moreover, "[l]egal title to property owned by a trust is held by the trustee." *Stoltenberg v. Newman*, 179 Cal. App. 4th 287, 293 (2009) (internal quotation marks omitted). Additionally, it is undisputed that defendants acquired the Property in 2005 as joint tenants and later conveyed the Property into the Trust. (Doc. No. 43 at 2.) Accordingly, the court concludes that the undisputed facts before the court on summary judgment establish that defendant Huckaby possesses both a legal and equitable interest in the Property. These facts are sufficient to demonstrate defendant Huckaby has a property interest in the Property such that the judgment liens may be enforced against the Property. *See* 28 U.S.C. § 3201(a) ("A judgment in a civil action shall create a lien on all real property of a judgment debtor[.]"); *see also Kling v. Hallmark Cards, Inc.*, No. 97-cv-06293-ER, 2012 WL 13013030, at *4 (C.D. Cal. Apr. 2, 2012) ("[A]s Trustee of the Living Trust, Mary held legal title to all of the property in that Trust, and as beneficiary, Mary held equitable title to that property[,]" and concluding that the judgment creditor could execute a judgment as to Mary against the property held in that trust as a result); *In re Bogetti*, 73 F. App'x 266, 267–68 (9th Cir. 2003) (finding that the appellants' beneficial interest in a trust was part of a bankruptcy estate and that the property held in trust was subject to the creditors' claims because the appellants had formed a self-settled trust and retained general power of appointment and termination).

/////

/////

/////

7

**CONCLUSION**

For the reasons explained above,

1.    Plaintiff's motion for summary judgment (Doc. No. 43) is GRANTED IN PART, as follows:

    a.    The Court declares the following:

        i.    The United States' judgment lien encumbers defendant Huckaby's one-half ownership interest in the Property;

        ii.    The United States may submit a proposed order of foreclosure with regard to the Property, consistent with the Stipulation Regarding Priority between the United States, US Bank, and El Dorado County; and

    b.    Plaintiff's motion is otherwise DENIED.

IT IS SO ORDERED.

Dated:    **March 2, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

8